CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 10 2011
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| DEVON RITCHIE, | Civil Action No. 5:10CV00119 |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | By: Honorable Glen E. Conrad Chief United States District Judge |
| Defendant. | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to establish entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Devon Ritchie, was born on June 20, 1981, and eventually completed her high school education. Ms. Ritchie also completed a class in computer technology. Plaintiff has worked as a billing clerk, desk clerk, shipping clerk, and receptionist. She last worked on a regular and sustained basis in 2008. On December 2, 2008, Ms. Ritchie filed applications for disability

insurance benefits and supplemental security income benefits. Plaintiff alleged that she became disabled for all forms of substantial gainful employment on July 7, 2008 due to bulging discs and slipped disc in the back and neck. She now maintains that she has remained disabled to the present time. As to her claim for disability insurance benefits, the record reveals that Ms. Ritchie met the insured status requirements of the Act at all relevant times. See gen., 42 U.S.C. §§ 416(i) and 423(a).

Plaintiff's claims were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated July 30, 2010, the Law Judge also determined that Ms. Ritchie is not disabled. The Law Judge found that plaintiff suffers from severe impairments, including degenerative disc disease, obesity, and depression. Because of these problems, the Law Judge ruled that plaintiff is disabled for all of her past relevant work roles. However, the Law Judge determined that Ms. Ritchie retains sufficient functional capacity for a limited range of sedentary work activity. The Law Judge assessed plaintiff residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a), except that she can only perform postural activities occasionally, and cannot do any climbing. She must avoid concentrated exposure to hazards and is limited to only simple and unskilled work.

(TR 15). Given such a residual functional capacity, and after considering Ms. Ritchie's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge found that plaintiff retains sufficient ability to perform several specific sedentary work roles existing in significant number in the national economy. Accordingly, the Law Judge

2

ultimately concluded that Ms. Ritchie is not disabled, and that she is not entitled to benefits under either federal program. See 20 C.F.R. §§ 404.1520(g) and 416.920(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Ms. Ritchie has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. Ms. Ritchie has a history of serious back problems. She was first injured in 2008. An MRI dated June 13, 2008 revealed a protruding disc at L5-S1 with degenerative problems. Despite conservative treatment, her condition did not improve. In March of 2009, she was also found to be suffering from neck pain, with numbness in her extremities. On April 21, 2009, Ms. Ritchie underwent fusion surgery at L5-S1. Nevertheless, she has continued to experience pain, and she has continued to receive treatment from her surgeon, Dr. James B. Chadduck. On March 3, 2010, Dr. Chadduck reported that plaintiff's pain had improved since her surgery, though she still has "some pain with standing," and that she had

reached the maximum level of improvement. (TR 435). He noted that her primary problem was obesity. (TR 446). Ms. Ritchie has also received regular treatment with a family practice group, where she was seen primarily by a nurse practitioner, Jane See. Ms. See has submitted a variety of reports detailing treatment of plaintiff for multiple conditions, including arthritic process in the knees and lumbosacral spine, obesity, asthma, and anxiety/depression. On June 30, 2010, Ms. See completed a medical assessment of plaintiff's ability to do work-related activities. Stated succinctly, the nurse practitioner opined that plaintiff could perform sedentary work on a daily, eight hour basis, though with a sit/stand option at intervals of at least one hour. (TR 439). More generally, Ms. See opined that plaintiff can do sedentary work. (TR 442). The Administrative Law Judge explicitly relied on Ms. See's report in assessing plaintiff's residual functional capacity. (TR 18).

The court believes that the medical record supports a finding of residual functional capacity for sedentary work activity with a sit/stand option, and not involving more than simple and unskilled work. While the Law Judge did not specifically find that plaintiff must now change work positions frequently, the court agrees that Ms. See's report suggests the existence of such a functional requirement. The court also believes that Ms. See's notes indicate that plaintiff's depression and anxiety are not so severe, persistent, and intractable as to prevent performance of work activities for which plaintiff is otherwise physically capable. For example, on April 26, 2010, the nurse practitioner reported that plaintiff's depression was "fairly well controlled." (TR 428).

In assessing plaintiff's capacity to perform specific, alternate work roles, the Law Judge relied on the testimony of a vocational expert given at the administrative hearing on July 1, 2010. Assuming a residual functional capacity for no more than simple, unskilled sedentary work, and assuming a physical intolerance for climbing and exposure to hazards, the vocational expert

identified several jobs which Ms. Ritchie could be expected to perform. (TR 61). The vocational expert noted that such work would not be available if plaintiff requires a one hour unscheduled break per day. (TR 62). More to the point, upon additional questioning by plaintiff's counsel, the vocational expert indicated that all of the jobs suggested for Ms. Ritchie would still be available, assuming that her physical problems also require that she change positions at will. (TR 66-67).

The court believes that the vocational expert's testimony supports the Law Judge's ultimate finding that plaintiff's physical and emotional limitations do not prevent performance of all reasonable work activity. It appears to the court that the expert's testimony, and the assumptions under which the expert deliberated, are both reasonable and consistent with the evidence of record. In short, the court finds substantial evidence to support the Law Judge's determination at step five of the sequential disability evaluation that Ms. Ritchie is not disabled for all forms of work activity. See gen. 20 C.F.R. §§ 404.1520(g) and 416.920(g). It follows that the Commissioner's final decision is supported by substantial evidence, and that the decision must be affirmed. Laws v. Celebrezze, supra.

On appeal to this court, plaintiff asserts that the Law Judge's opinion is deficient in several respects. Many of plaintiff's arguments are technical in form. Plaintiff contends that the Law Judge made a contradictory finding in that he determined that she is disabled for her past, sedentary work roles, but then found that she possesses residual functional capacity for other forms of sedentary work. However, the court notes that the Law Judge's finding of disability for past relevant work is consistent with input from the vocational expert. (TR 61). Plaintiff also maintains that the Law Judge mischaracterized the residual functional assessment of the nurse practitioner, Ms. See. It is true that Nurse See checked a box on her form indicating that plaintiff could not work on a sustained

basis eight hours per day/five days per week. (TR 442). However, the court must agree that any reasonable reading of Nurse See's assessment supports a finding of residual functional capacity for a limited range of sedentary work.

As a third argument, plaintiff maintains that the Law Judge misread the report of the surgeon, Dr. Chadduck, to indicate residual functional capacity for sedentary work. While it is true that Dr. Chadduck did not specifically offer an opinion of residual functional capacity for sedentary exertion, he certainly did not suggest that Ms. Ritchie is totally disabled for all forms of work. Indeed, the court believes that the Law Judge properly assessed Dr. Chadduck's office notes as indicating that Ms. Ritchie's back condition improved substantially following her surgery. In any event, it must be remembered that plaintiff carries the burden of proof in establishing that she is disabled within the meaning of the Act. English v. Shalala, 10 F.3d 1080, 1082 (4th Cir. 1993); Hall v. Harris, 658 F.2d 260, 263 (4th Cir. 1981). The court concludes that Dr. Chadduck's reports simply do not support a finding of total disability.

Ms. Ritchie also asserts that the Law Judge in some way erred in failing to formulate a hypothetical question for the vocational expert which accounted for her mental/emotional limitations. Based on the medical reports of record, the court questions whether there was sufficient evidence to support the Law Judge's finding of a "severe impairment" on the basis of depression. In any event, the court finds no evidence to support the notion that the Law Judge should have found limitations based on emotional problems, other than the restriction to simple and unskilled work activity.

Finally, plaintiff argues that the Law Judge improperly discounted her testimony concerning her pain, and that the Law Judge failed to find that her neck condition constitutes a severe

impairment. Once again, the court believes that the Law Judge relied on reports from treating medical sources in determining the extent of plaintiff's residual functional capacity. Such reliance is consistent with the regulatory scheme. See 20 C.F.R. §§ 404.1527(d) and 416.927(d). In summary, the court finds all of plaintiff's arguments to be unavailing. Given the finding of substantial evidence, the final decision of the Commissioner must be affirmed.

In affirming the Commissioner's final decision, the court does not suggest that Ms. Ritchie is free of all pain and discomfort. Indeed, the medical record confirms that she suffers from a severe and debilitating back condition, and that the symptoms of her arthritic process are magnified by her obesity. However, the court must agree that the Law Judge's finding of residual functional capacity for a limited range of sedentary exertion is consistent with the medical record compiled by plaintiff's treating sources. In the court's view, plaintiff's testimony suggesting the existence of totally disabling subjective discomfort is simply not consistent with the objective medical record. It must be recognized that the inability to do work without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). Once again, it appears to the court that the Administrative Law Judge considered all of the subjective factors reasonably supported by the medical record in adjudicating plaintiff's claims for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

In passing, the court notes that certain of plaintiff's physical problems may be progressive in nature. If her musculoskeletal symptoms continue to worsen, she may wish to consider filing new applications for benefits at a later time.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales,

supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 10th day of June, 2011.

_____
Chief United States District Judge